No. 41,624

JESSE I. LINDER, *Appellee,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WALLACE, et al., *Appellants.*

(348 P. 2d 815)

Opinion filed January 23, 1960.

*James E. Taylor,* County Attorney, argued the cause and was on the brief for the appellants.

*Jesse I. Linder,* of Sharon Springs, argued the cause and was on the brief for the appellee, *pro se.*

The opinion of the court was delivered by

PRICE, J.: This is an action to enjoin the levy and collection of taxes for a county hospital and to recover taxes paid under protest. Plaintiff is a citizen and taxpayer of Wallace county. Defendants

are the board of county commissioners, the board of hospital trustees, the county clerk, and the county treasurer, all of Wallace county.

Defendants' motions to separately state and number and to make definite and certain, and their demurrer to the petition, were overruled, and they have appealed and specify such rulings as error.

The petition was filed on January 16, 1959, and a summary of its allegations follows:

Plaintiff is the owner of certain (described) real estate in Wallace county. During the years 1949 and 1950 defendant board of county commissioners (hereafter referred to as the board) and board of hospital trustees (hereafter referred to as trustees), pursuant to the provisions of G. S. 1949, 19-1801, and a vote of the people, levied and collected taxes in the sum of $25,000 for the purpose of purchasing a site and erecting thereon a public hospital or hospital buildings.

Down to the date of filing of this action the board and trustees have failed, neglected and refused to cause a county public hospital or hospital building to be purchased, acquired or erected, and are not operating or maintaining a county public hospital building or buildings as provided by G. S. 1949, 19-1801, and G. S. 1949, 65-425 to 441, inclusive. For the year 1958 the board and trustees levied a tax for a "county hospital" in the amount of .250 of a mill on each dollar of assessed valuation of properties in the county, but that such tax is illegal, unwarranted, unauthorized and unconstitutional, and collection thereof should be enjoined for the following reasons:

(a) That boards of county commissioners and boards of hospital trustees in counties that do not rent, own or otherwise have a hospital building or buildings that have been licensed as hospitals by the state board of health as provided by law, are not authorized to levy and collect taxes for a county hospital; (b) that only in those counties exercising the rights conferred by G. S. 1949, 19-1801, and G. S. 1949, 65-425 to 441, and that are maintaining and operating a county public hospital, can a hospital tax such as was levied for the year 1958 be levied and legally collected; (c) that the attempt by defendants to levy and collect a public tax for a county hospital, when in truth and in fact they do not own, have or rent a building or buildings that can qualify or be licensed under the laws of the state as a hospital building or buildings, and

in truth and in fact do not operate or maintain a county public hospital in the manner provided by law, deprives plaintiff of money and property without due process of law in violation of his rights guaranteed by the state and federal constitutions.

On December 18, 1958, plaintiff paid all of his taxes for that year, and included in the amount so paid was the sum of $1.76 as the "county hospital" tax, which plaintiff claims to be illegal. On the date plaintiff paid his taxes he paid such sum of $1.76 under protest by delivering to the county treasurer a letter of protest and mailed copies of such letter of protest to the chairman of the board and chairman of the trustees. (A copy of the letter of protest is attached to the petition as an exhibit.)

It is further alleged that this action is brought under the provisions of G. S. 1949, 60-1121, and the prayer is that the "county hospital" tax assessed against plaintiff's property be declared to be illegal and unconstitutional, that defendants be enjoined and precluded from collecting such tax from plaintiff, and that defendants be required to refund to plaintiff the amount of $1.76 paid by him under protest.

Defendants filed a motion to separately state and number on the ground that the petition seeks to enjoin the collection of an alleged illegal tax, and also to recover taxes paid under protest. This motion was overruled, whereupon defendants filed a motion to make the petition definite and certain by requiring plaintiff to set forth the ultimate facts to support the allegation that the board and trustees are not operating or maintaining a county public hospital building or buildings as provided by law, and to require plaintiff to set forth the particular constitutional provisions relied upon, and to set forth what facts deprive plaintiff of equal privileges of the laws. This motion likewise was overruled, whereupon defendants filed a demurrer on the grounds that plaintiff has no legal capacity to sue, that several causes of action are improperly joined, and that the petition does not state facts sufficient to constitute a cause of action.

Upon the overruling of the demurrer this appeal followed, and each of the three mentioned orders is specified as error.

From a strictly technical standpoint defendants' contentions are quite persuasive in several respects. On the other hand, and conceding that the petition could have been more artfully drawn, we feel compelled to hold that it is sufficient to withstand the two mo-

tions and the demurrer, and that the trial court did not err in its rulings. It is quite true the prayer seeks a refund of the sum of $1.76 paid under protest, but the real and ultimate relief sought is to enjoin the levy and collection of the alleged illegal "county hospital" tax. Recovery of the amount could not be had unless the tax be held to be illegal—in other words, the grounds for relief are the same in each instance. Generally speaking, motions to separately state and number rest within the sound discretion of the trial court, and the same is true of motions to make definite and certain. Examining the petition in its entirety in the light of the statutes referred to, we are unable to conclude the trial court abused its discretion in denying the two motions in question.

One ground of defendants' demurrer is that plaintiff has no legal capacity to sue, the argument being that an action such as this must be brought in the name of the state unless an individual plaintiff, such as here, alleges and proves that he has sustained special damage different from other members of the public.

The petition alleges that the action is brought pursuant to G. S. 1949, 60-1121, which provides that an injunction may be granted to enjoin the illegal levy of any tax or the collection of any illegal tax, and that any number of persons whose property is or may be affected by a tax or assessment so levied, may unite in the petition filed to obtain such injunction. It would appear that the ultimate relief sought is precisely that mentioned in the statute and therefore plaintiff is entitled to bring the action.

Another ground of the demurrer—that several causes of action are improperly joined—has been mentioned in connection with the motion to separately state and number and requires no further discussion.

The other ground of the demurrer is that the petition does not state facts sufficient to constitute a cause of action. In this connection, we do not quote or attempt to summarize in detail the statutes which appear to be involved in this case. They will, however, be mentioned briefly.

G. S. 1949, 19-1801, provides for the establishment of a county hospital in certain counties of the state. The petition alleges that during 1949 and 1950 the defendant board and trustees, pursuant to that statute, levied and collected taxes in the amount of $25,000 for the purpose of purchasing a site and erecting thereon a public hospital or hospital buildings.

G. S. 1949, 19-1809, provides for an annual levy for the improvement and maintenance of any public hospital so established under provisions of the act.

G. S. 1949, 65-425, defines the term hospital as used in the Public Health Act, and succeeding sections pertain to the licensing, inspection and regulation of hospitals so established by the licensing agency which, under another section of the act, is a division of the state board of health. The petition alleges that boards and trustees in counties that do not rent, own or otherwise have a hospital building or buildings that have been licensed as provided by the act, are not authorized to levy and collect taxes for a county hospital, and that in truth and in fact no such county hospital exists in Wallace county.

In their brief defendants call attention to G. S. 1957 Supp. 19-1848a, enacted by the 1955 legislature and effective on March 31st of that year, which in substance provides that any county which has voted to establish a county hospital under the provisions of G. S. 1949, 19-1801 to 1815, and has levied and collected taxes thereunder, and has constructed a building which building has not and cannot be licensed as a hospital under the provisions of G. S. 1949, 65-425 to 441, is authorized to lease such building to any person, corporation or society for the purpose of operating and maintaining therein a medical clinic or health center upon such terms and conditions as the board of county commissioners may deem for the best interests of the county, and that the county is authorized to expend any balance remaining in the fund derived from the tax levy made to establish a hospital, and any amounts received as gifts, for the purpose of furnishing and equipping the building for use as such medical clinic or health center.

When this appeal was argued we were advised by plaintiff of what he claims the real situation to be in Wallace county with respect to the alleged county hospital in question, but, such fact not appearing on the face of the petition, statements concerning the same must be and are disregarded. In connection with the so-called "curative act" just mentioned, we call attention to the fact that it says the county is authorized to expend any balance remaining in the fund derived from the tax levy made to establish a hospital, but is silent as to an annual tax levy for the maintenance of an institution operated under the permissive portion of the sec-

tion. The levy here under attack by plaintiff is for the year 1958.

We have neither overlooked nor disregarded the many contentions made by defendants and the authorities in support thereof. All have been considered, but we think it may not be said the petition fails to state facts sufficient to constitute a cause of action.

The judgment is affirmed.